UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR00374 CEJ (TIA) |
| ) | |
| ANTIONE SHEPARD, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter is before the Court on the motion of Defendant Antione Shepard for reconsideration of the Court's prior Order of pretrial detention. [Doc. #245]. The government opposes Defendant's motion. In his motion for reconsideration, Defendant reiterates Defendant's employment, points to the time period of Defendant's prior criminal convictions, asserts that he does in fact have a permanent residence with his mother (notwithstanding what he previously advised the Pretrial Services Officer), and stresses the role that Defendant plays in his girlfriend's household. Defendant also asserts that Defendant's "only arguable link to this massive conspiracy is a relationship with Felix Wallace," and asserts that there are "transcripts of only four telephone conversations allegedly occurring between Mr. Shepard and Mr. Wallace," occurring in February, 2007.

In its opposition, the government responds that Defendant's intercepted calls pertained to arranging for the purchase of cocaine and referenced prior purchases of cocaine. The government further asserts that witness statements suggest that Defendant

has purchased between one quarter and one half kilogram of cocaine as a member of this conspiracy. The government also notes Defendant's prior criminal history, and the fact that his probation and his later parole were both revoked. The government also adds that Defendant presently has several active warrants for traffic violations and an active warrant for failure to appear.

At the initial hearing on the government's motion for pretrial detention, the Court advised Defendant that he would, of course, be free to file a motion to reconsider the order of detention, but further stated that what would be most helpful would be receiving information pertaining to Defendant's probation and parole and the reason for the prior revocations. Defendant has provided no such information. Apart from providing further information regarding and contesting the strength of the government's evidence – which assessment the government convincingly refutes – Defendant has provided no information that was not known to the undersigned at the time of the detention hearing. As such, the Court sees no reason to reconsider its prior Order of detention.

Moreover, the Court notes that the position of the Pretrial Services Officer ("PSO") has not changed; the PSO continues to recommend that Defendant be detained. The PSO has further advised the Court that Defendant's prior revocations were based in part on Defendant's failure to report to the drug treatment program and Defendant's continuous use of marijuana and cocaine while on supervision. In addition, Defendant apparently incurred 21 conduct violations while in the custody of the Department of Corrections. And, as the government notes, shortly after Defendant's discharge from parole in mid-2006, he was intercepted on a wiretap related to transactions in cocaine.

Now it appears that Defendant has several active warrants, which the PSO advises include not only traffic warrants, but also a failure to appear related to a charge of possession of a controlled substance.

For all of these reasons, and the further reasons stated in the government's opposition, the Court finds no basis to reconsider its prior Order of pretrial detention. To the contrary, the Court continues to believe that there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Order of pretrial detention [Doc. #245], filed under seal, is **Denied**.

                                                                                          　　　*Audrey G. Fleissig*
                                                                                          AUDREY G. FLEISSIG
                                                                                          UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2008.